UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION CHILLIS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.<br><br>Defendants. | No. 2:19-cv-0530-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court previously dismissed plaintiff's initial complaint with leave to amend, finding that it failed, for screening purposes, to state a valid claim. ECF No. 10. Plaintiff filed an amended complaint, ECF No. 13, and for the reasons stated below, it also fails to state a cognizable claim.

<u>Screening</u>

I.   <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

1

(1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff alleges that an arrangement between the California Department of Corrections and Rehabilitation ("CDCR") and a contracting corporation, Global Tel*Link Corporation ("GTC"), have frustrated his ability to make collect phone calls to his mother in Alabama. ECF No. 13 at 5. Specifically, he claims that GTC encouraged inmates to make their calls by way of prepaid calling plans (offered, naturally, through GTC). *Id.* Plaintiff argues that this practice – and the CDCR's acceptance of the same – violates state law, the federal Telephone Consumer Protection Act of 1991 ("TCPA"), and his constitutional rights. *Id.* at 5-7. Over the course of his complaint, he alleges that he filed numerous administrative appeals which alerted the CDCR officials named as defendants[1] (Robert Neuschmid, Scott Kernan, M. Voong, and A. Petty) to the violations alleged above. Plaintiff alleges that no action was taken.

---

[1] Plaintiff has also named Brian D. Oliver, the CEO of GTC, as a defendant. ECF No. 13 at 15.

As an initial matter, plaintiff may not pursue an action based solely on the theory that CDCR and GTL's action violate state law. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability under § 1983").

And the TCPA does nothing to avail him. The TCPA provides that it shall be "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A)(iii). But plaintiff does nothing to explain how GTC's actions violated *his* rights under the TCPA. Rather, he appears to allege that the corporation's actions may have violated *his mother's* rights under the TCPA. ECF No. 13 at 5 ("The [TCPA] forbids GTL from using the prison phone system to contact anyone (including my mother) in such a manner without their prior express consent."). His mother is not, however, a party to this suit and plaintiff offers no argument as to why he has standing to bring a TCPA claim on her behalf.

Next, plaintiff may not pursue any claim based on defendants' denial or cancellation of his prison grievances. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that the district court correctly found that "because inmates have no constitutional right to a prison grievance system, the actions of the prison officials in reviewing his internal appeal cannot create liability under § 1983") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir.2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

The only question that remains is whether GTC's alleged interference with plaintiff's collect calls states a constitutional violation. The U.S. Court of Appeals for the Ninth Circuit has recognized that "[a]lthough prisoners have a First Amendment right to telephone access, this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000). In

*Johnson*, the court held that "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls . . . ." *Id.*; *see also Strandberg v. Helena*, 791 F.2d 744, 747 (9th Cir. 1986) ("If the limitations on [phone] access are reasonable, there is no first amendment violation."). Here plaintiff appears to indicate that inmates who purchase the prepaid calling plans which he finds objectionable (rather than using collect calls) can make phone calls. ECF No. 13 at 5. Plaintiff does not allege that those prepaid calling plans are exorbitantly expensive or otherwise impossible to acquire. Thus, the court concludes that he has failed to state a viable claim based on a violation of his First Amendment rights.

The court will offer plaintiff one final opportunity to amend.

III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

     Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

     Accordingly, it is ORDERED that:

     1.    Plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend within 30 days from the date of service of this order; and

     2.    Failure to file an amended complaint that complies with this order may result in the dismissal of this action without further leave to amend for the reasons stated herein.

DATED:  April 22, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE