1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARION CHILLIS,                              No. 2:19-cv-0530-KJM-EFB P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   ROBERT NEUSCHMID, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action pursuant to 42 U.S.C.

18   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).  The court dismissed the complaint with leave to amend on December 2, 2019.  ECF

20   No. 10.  Plaintiff filed a first amended complaint, which was again dismissed on April 22, 2020.

21   ECF No. 14.  The court noted that it would provide plaintiff one last opportunity to amend the

22   complaint to attempt to state a cognizable claim.  *Id.*  Plaintiff has filed a second amended

23   complaint.

24        I.    Screening Requirement and Standards

25        Federal courts must engage in a preliminary screening of cases in which prisoners seek

26   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

28   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

II.     Screening Order

The gist of plaintiff's complaint is his desire to call his mother using a traditional collect calling method – in which she would pay the cost of the call through her own phone carrier – and his inability to do so due to the prison's arrangement with Global Tel*Link, Inc. ("GTL"), which requires that inmates or the people they call to purchase prepaid phone cards from GTL and prevents traditional collect calling, thereby funneling all proceeds from such calls to GTL. Plaintiff alleges that this arrangement violates his First Amendment rights by inhibiting his contact with his mother.  He also states in passing that the arrangement violates the Telephone Consumers Protection Act ("TCPA") and a state regulation and complains about the way his grievances concerning the arrangement were processed.

In screening the first amended complaint, the court noted that plaintiff had not explained why being required to use the GTL prepaid phone cards inhibited his ability to call his mother and thereby violated his First Amendment rights.  The court also noted that plaintiff could not state a claim based on the processing of his grievances, the violation of a state regulation, or the violation of his mother's rights under the TCPA.  The court instructed plaintiff that, in his second amended complaint, he should include facts showing how the prepaid calling cards presented an obstacle to the exercise of his First Amendment rights.  ECF No. 14 at 4 ("Plaintiff does not allege that those prepaid calling plans are exorbitantly expensive or otherwise impossible to acquire.").

Unfortunately, plaintiff's second amended complaint has not remedied these deficiencies. Plaintiff's sole express claim is for violation of the First Amendment.  Prisoners have a right under that provision to communicate with parties outside the prison, subject to legitimate curtailment. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002) (holding that the right to contact parties outside the prison is subject to the reasonableness balancing test provided by *Turner v. Safley*, 482 U.S. 78, 89-90 (1986)).  The second amended complaint does not provide any facts showing that the arrangement between the prison and GTL has impacted his ability to

2

1  contact his mother – he does not allege that the prepaid cards are unreasonably priced,

2  unreasonably unavailable, or otherwise more difficult than traditional collect calling.  Plaintiff's

3  complaints about the TCPA, the processing of his grievances, and a state regulation also fail for

4  the same reasons noted in the second screening order.

5        Plaintiff has been provided two opportunities to state a viable claim, including explicit

6  direction in the second screening order for how to remedy the deficiencies in the first amended

7  complaint.  Plaintiff's failure to state facts sufficient to remedy the deficiencies in the first

8  amended complaint despite this explicit direction suggests that plaintiff lacks the necessary facts,

9  and that the the second amended complaint should therefore be dismissed without leave to amend.

10  *Plumeau v. School District #40, County of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of

11  leave to amend appropriate where further amendment would be futile).

12      III.    Findings and Recommendations

13        Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint

14  (ECF No. 15) be dismissed without leave to amend and the Clerk be directed to close the case.

15        These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

21  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  August 21, 2020.

23  

24               EDMUND F. BRENNAN

             UNITED STATES MAGISTRATE JUDGE

25  

26  

27  

28